# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4854 | **DATE** | 8/17/2011 |
| **CASE TITLE** | Lister vs. Commissioner of Social Security | | |

**DOCKET ENTRY TEXT**

Application for leave to proceed in forma pauper is denied. Plaintiff's complaint is dismissed.

■[ For further details see text below.]     Docketing to mail notices.

## STATEMENT

    Plaintiff Janis A. Lister sued the Commissioner of Social Security for a violation of her civil rights. She filed an application to proceed in forma pauperis (IFP) together with her complaint.

    Lister's allegations are bizarre and unclear. Using a form for civil rights complaints, she asserts that her retirement age (presumably the date she should receive Social Security benefits) is "not always 65," referring the Court to her "evolutionary [sic] grea-grandparent DNA." She then lists a series of services or "necessities of life" denied to her, including many not administered by the Social Security Administration (or, in some cases, any other government agency) such as "housing voucher," "food stamps,""telephone," and "home improvements." She mentions, on the other hand, that she was denied "SSI" and "medical care." She lists "liability for the national debt" as a crime she was charged with. Finally, she alleges her "age is as old as the present age of earth, retroactive to the beginning." Attached to her complaint is a "Notice of Appeal Decision" from the Social Security Administration (SSA) that states that Lister did not receive help for her to pay her Medicare prescription drug plan costs because her income is over 150% of the federal poverty evel.

    Pursuant to 28 U.S.C. § 1915(a), the Court may authorize Lister to proceed in IFP if she is unable to pay the mandated court fees. Lister need not be penniless to proceed IFP under § 1915(a)(1). *See Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). Instead, she is eligible to proceed in forma pauperis if payment of the filing fee will prevent him from providing for life's necessities. *See id.* According to her financial affidavit, Lister is currently unemployed. She is not married, and she receives no income from any source, including Social Security. Lister has less than $200 in cash or in a checking or savings account, and does not own any real estate or any items of personal property worth over $1,000. Based on these facts, Lister's financial affidavit sets forth her inability to pay the mandated court fees. The Court notes, however, that Lister's IFP application conflicts with the attachments with her own complaint. The notice from the SSA

| STATEMENT |
|---|

states that Lister receives $1508.50 per month in Social Security income in addition to a $500 pension each month from the Tulsa County Employee Retirement Fund. (*See* Doc. 1 at 8-9.) Based on these contradictions, the Court denies Lister's application to proceed IFP, as she offers no explanation for the inconsistency between the notice and her application listing her income as zero. Because the Court denies Lister's application to proceed IFP, the Court will not dismiss her claims with prejudice at this time for misrepresentations on that application. *See Hrobowski v. Commonwealth Edison Co.*, 203 F.3d 445, 447-48 (7th Cir. 2000) (declining to dismiss the plaintiff's claims for making false statements in an IFP application where the application was denied and the plaintiff had not "reap[ed] the benefits of in forma pauperis status.") Though the Court gives Lister the benefit of the doubt here, it cautions her that misrepresentations on future IFP applications could result in dismissal of her claims with prejudice and that she should bear in mind that all statements on IFP applications are made under penalty of perjury.

The Court, however, must look beyond Lister's financial status under § 1915. That section requires the Court to review the claims of a plaintiff who seeks to proceed in forma pauperis and dismiss the action if it is frivolous or malicious, if it fails to state a claim on which relief may be granted *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see also Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003). As they stand, Lister's allegations are simply too incomprehensible to state a claim, even by a pro se plaintiff. As such, the complaint is dismissed.